UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TAWANA MICHELLE DICKEY,    )
    )
    Plaintiff,    )
    )
vs.    )    Case No. 4:06 cv 566 Sm/wcs
    )
DOLLAR GENERAL CORPORATION    )
and DOLGENCORP, INC., a wholly owned    )
subsidiary of DOLLAR GENERAL    )
CORPORATION,    )
    )
    Defendants.    )

## NOTICE OF AND PETITION FOR REMOVAL

Defendants DOLLAR GENERAL CORPORATION[1] and DOLGENCORP, INC. (hereinafter "Dollar General"), by and through their undersigned counsel and pursuant to 28 U.S.C. § 1332, 1441 and 1446, hereby respectfully petitions this Court for removal of the instant action from the Circuit Court for the Second Judicial Circuit, in and for Leon County, Florida, to the United States District Court for the Northern District of Florida, Tallahassee Division. The removal of this action is based upon the following:

---

[1] Although, Plaintiff sued both Dolgencorp, Inc. and Dollar General Corporation, only Dolgencorp, Inc. has been served. Moreover, Plaintiff sued both Dollar General Corporation and Dolgencorp, Inc., only Dolgencorp, Inc. is a proper defendant. Dolgencorp, Inc. owned and operated the stores in the district managed by Plaintiff and it employed Plaintiff. Dollar General Corporation is a holding company which does not operate in Florida and has no direct connection to Plaintiff.

1

RECEIVED

1.      On or about June 29, 2006, a civil action was filed with the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, which is captioned, *"Tawana Michelle Dickey v. Dollar General Corporation and Dolgencorp, Inc."* ("State Court Case"). The State Court Case has been assigned Case No.: 06-CA-1657, (the "Complaint").  Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit "A," are true and correct copies of the pleadings filed in the State Court Case under Case No. 06-CA-1657.  Plaintiff's Complaint is for alleged violation of the Florida Civil Rights Act, Chapter 760, *et seq.,* Florida Statutes ("FCRA"), and for alleged disability discrimination.

2.      Plaintiff served Dollar General with a copy of the Complaint on November 20, 2006.

3.      This Court has original jurisdiction over this action by reason of diversity of citizenship of the parties under 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000, exclusive of interest and costs.  Specifically, the facts supporting jurisdiction are as follows:

a.      Upon information and belief, Plaintiff is a resident of Florida. (See Complaint).

b.      Dollar General is incorporated in the Commonwealth of Kentucky, with its principal place of business in the State of Tennessee.

c.      Plaintiff seeks judgment and relief from [Dollar General] in the form of economic damages and lost wages, lost benefits, lost renumeration, non-economic

2

damages, an award of attorney's fees and costs and interest and all other unspecified relief. (Complaint. "Wherefore" clause).

        d.     Plaintiff seeks relief under The Florida Civil Rights Act.

        e.     Under the Florida Civil Rights Act, Plaintiff can recover for damages, including but not limited to, lost wages, front pay and compensatory damages.

        f.     Thus, the amount in controversy for purposes of diversity jurisdiction exceeds $75,000.

        4.     The United States District Court for the Northern District of Florida, Tallahassee Division, embraces the location where the State Court case was filed. Thus, removal is proper to this Court pursuant to 28 U.S.C. §1441.

        5.     This Notice and Petition for Removal has been filed within 30 days of service of Plaintiff's Complaint in the State Court Case. Thus, this Notice of and Petition for Removal is timely filed pursuant to 28 U.S.C. §1446(b).

        6.     Pursuant to 28 U.S.C. § 1446(d), Dollar General has provided written notice of the removal to all parties in this action, and has filed a copy of this Notice of and Petition for Removal in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida.

        WHEREFORE, Defendants DOLLAR GENERAL CORPORATION and DOLGENCORP, INC., respectfully pray that the United States District Court for the Northern District of Florida, Tallahassee Division, accepts the removal of this action from the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, and direct

that the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, have

no further jurisdiction of this matter unless and until this case is remanded.

      Dated:   December 11, 2006.

                         Respectfully submitted,

                         Anthony J. Hall.
                         Florida Bar No. 0040924

                         FISHER & PHILLIPS LLP
                         300 South Orange Avenue
                         1250 Lincoln Plaza
                         Orlando, Florida 32801
                         Telephone:    (407) 541-0888
                         Facsimile:    (407) 541-0887

                         Attorneys for Defendants
                         DOLLAR GENERAL CORPORATION
                         and DOLGENCORP, INC.


## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing has been served via
U.S. Mail and facsimile, to:  Carolyn D. Cummings, Carolyn Davis Cummings, P.A., 462
W. Brevard Street, Tallahassee, Florida 32301 this 11th day of December, 2006.

                         Anthony J. Hall, Esquire

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT,
IN AND FOR LEON COUNTY, FLORIDA

TAWANA MICHELLE DICKEY,                  )
                                         )
        Plaintiff,                       )
                                         )
vs.                                      )        Case No. 2006-CA-001657
                                         )
DOLLAR GENERAL CORPORATION and           )
DOLGENCORP, INC., a wholly owned         )
Subsidiary of DOLLAR GENERAL             )
CORPORATION,                             )
                                         )
        Defendant.                       )
_____)

### DEFENDANTS NOTICE OF FILING NOTICE OF
### AND PETITION FOR REMOVAL

PLEASE   TAKE   NOTICE   that   Defendants   DOLLAR   GENERAL

CORPORATION[1]  and  DOLGENCORP,  INC.,  ("Dollar  General")  by  and  through  their

undersigned counsel, hereby gives notice that it has, this 11th day of December, 2006, removed

this action from the Second Judicial Circuit, in and for Leon County, Florida, to the United

States District Court for the Northern District of Florida, Tallahassee Division.  A true and

correct copy of the Notice of and Petition For Removal served upon Plaintiff and filed with the

District Court is attached hereto.

PLEASE  TAKE  FURTHER  NOTICE  that  pursuant  to  28  U.S.C.  §  1446,  the

---

[1] Although Plaintiff sued both Dolgencorp, Inc. and Dollar General Corporation, only Dolgencorp, Inc. has been
served.  Moreover, Plaintiff sued both Dollar General Corporation and Dolgencorp, Inc., only Dolgencorp, Inc. is a
proper defendant. Dolgencorp, Inc. owned and operated the stores in the district managed by Plaintiff and it
employed Plaintiff.  Dollar General Corporation is a holding company which does not operate in Florida and has no
direct connection to Plaintiff.
Orlando 77168.1

filing of the aforesaid Notice of and Petition for Removal in the District Court, together with the filing of this Notice with this Court, effects the removal of this action and Defendants request that this Court take no further action in this case unless it is remanded from the District Court.

Dated:  December 11, 2006

Respectfully submitted,

*Anthony J. Hall*
Anthony J. Hall
Florida Bar No. 0040924

FISHER & PHILLIPS LLP
300 South Orange Avenue
1250 Lincoln Plaza
Orlando, Florida 32801
Telephone:    (407) 541-0888
Facsimile:    (407) 541-0887

Attorney for Defendants Dollar General
and Dolgencorp, Inc.

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via U.S. Mail and facsimile to:  Carolyn D. Cummings, Carolyn Davis Cummings, P.A., 462 W. Brevard Street, Tallahassee, Florida 32301 this 11th day of December, 2006.

*Anthony J. Hall*
Anthony J. Hall

Orlando 77168 1

# EXHIBIT "A"

Orlando 65385.1

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA.

TAWANA MICHELLE DICKEY
    Plaintiff,

Case No.: 2006 CA 1657

v.

Dollar General Corporation
and Dolgencorp, Inc., a wholly owned
subsidiary of Dollar General Corporation,
    Defendant.

_____/

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff **TAWANA MICHELLE DICKEY**, and files his lawsuit

against Defendant, **DOLLAR GENERAL CORPORATION**, and DOLGENCORP, INC.,

Tennessee Corporations, doing business in Florida, and alleges as follows:

## GENERAL ALLEGATIONS

1.    Tawana Michelle Dickey, (hereinafter referred to as "Plaintiff"), a female citizen

of the United States, who suffers from a disability, brings this lawsuit against the Defendants,

Dollar General Corporation and Dolgencorp, Inc., (hereinafter referred to as "Defendants")

pursuant to Chapter 760, *et seq.*, Florida Statutes, "The Florida Civil Rights Act of 1992" (2002).

2.    The amount in controversy exceeds the sum or value of $15,000, exclusive of

interest and costs and is in excess of the minimum necessary to invoke the jurisdiction of this

Court by virtue of § 26.012, Florida Statutes (2002).

3.  Venue is proper in this Court, in that this is the judicial circuit in which a

substantial part of the events or omissions giving rise to the claims occurred, in which the

Defendants may be found, and in which Defendants have contact that would be sufficient to

subject it to personal jurisdiction.

4.   The unlawful employment practices alleged herein were committed within the State of Florida. At all times relevant to this lawsuit, Plaintiff Dickey was an employee of Defendants, within the terms of the Florida Civil Rights Act, and the Defendant's actions falls within the terms of the Florida Civil Rights Act.

5.   The Plaintiff has complied with the jurisdictional prerequisites before bringing this action, in that the Plaintiff timely filed a complaint with the Florida Commission on Human Relations (FCHR) on May 4, 2004, after which the Commission investigated and maintained jurisdiction of the complaint for more than 180 days under FCHR Case Number 2004-21967.

6.   At all times relevant, the Plaintiff was an individual suffering from a disability, in that (1) had a disability; (2) was qualified for the position apart from the disability; and (3) advised the employer of her disability and (4) was denied reasonable accommodation and terminated solely because of her disability

7.   The Court has subject matter jurisdiction over the claims of the Plaintiff against the Defendants, pursuant to Chapter 760, Florida Statutes ("The Florida Civil Rights Act of 1992"). The Defendants are employers as defined by § 760.02 (7), Fla. Stat. (2002), and Plaintiff Dickey was an employee of the Defendant's within the meaning of the Florida Civil Rights Act.

## COUNT I
### Disability Discrimination and Violation of Chapter 760, Florida Statutes

8.   This is a complaint for discrimination based on disability, in violation of The Florida Civil Rights Act, by Plaintiff Dickey against Dollar General Corporation and Dolgencorp, Inc., for violations of Plaintiff Dickeys' civil rights.

9.   Plaintiff was initially hired by the Defendants in the position of a Part-Time Cashier in October of 2003, generally working from 9 a.m. to 2:30 p.m. (5 ½ hour schedule) and she completed her (90) ninety-day probationary period in January, 2004.

10.  Plaintiff's job duties and responsibilities included ringing sales for customers, straightening items on shelves and stocking merchandise on shelves.

11.  Plaintiff suffers from sarcoidosis, which causes or does not allow her to lift over 40 to 50 pounds and she could not endure prolonged standing, walking or walking at a swift pace.

12.      In February of 2004, Doe Supple, the Plaintiff's Supervisor openly criticized Plaintiff's physical inabilities and chided her for moving too slow and for being unable to perform as a cashier and put a full stock of U-boat on the shelves during the same (5) five hour period.

13.  Doe Supple further told the Plaintiff, in the presence of customers, that she would never have hired her with her disabilities, if she had known about them, because Dollar General Corporation does not need people like her to work for them.

14.  The Plaintiff reported her Supervisor's discriminatory statement to the Floating Acting Manager; thereafter, the District Manager requested that the Plaintiff provide a written statement from her Doctor regarding her work limitations and restrictions within (2) two weeks.

15.  On March 30, 2004, the District Manager advised the Plaintiff that she could not return to work until she provided a medical statement regarding her disability. After she provided the medical statement, the District Manager told her that Dollar General Corporation refused to allow her to return to work and that she was being placed on (2) two weeks medical leave without pay.

16. The District Manager further advised the Plaintiff that she could not return until she could work without restrictions as Dollar General requires their employees to work.

17. On April 5, 2004, the District Manager called the Plaintiff and advised her that Corporate Headquarters had placed her on (2) two weeks medical leave until she could provide medical documentation that she can work more than (4) four hours per day and that she could lift more than (12) twelve pounds at a time.

18. Even though Defendants took the Plaintiff off work and placed her on an involuntary medical leave, on May 1, 2004, the Plaintiff received a letter signed by Sharon Cockrill, asking her about her intentions to return to work, and advising her that she would be terminated within (10) ten days if she did not hear from her.

## COUNT II
### Retaliation Discrimination and Violation of Chapter 760, Florida Statutes

19.    Defendants, through their employees, agents, and representatives, discriminated against the Plaintiff because of her disability with regard to the terms, conditions and privileges of her employment. Defendant's actions and conduct, through its employee agents, and representatives, were in violation of the Florida Civil Rights Act. The conduct included, but were not limited to Plaintiffs' termination of employment and other retaliatory action.

20. After the Plaintiff reported what she believed to be discriminatory remarks to her based on her disability, the terms and conditions of her employment and work changed.

21. Plaintiff's Supervisor reduced her work days and work hours: where she had been normally scheduled to work from 9 a.m. to 2:30 p.m., which constancy accommodated Plaintiff and allowed her to schedule doctors' appointments after 3:00 p.m. in the afternoons. This

constancy changed after the Plaintiff reported the discriminatory remarks made by her Supervisor.

22.    More specifically, on March 4, 2004, after Plaintiff's Supervisor changed her working hours to longer hours Plaintiff's Supervisor advised her that she had to work 7 to 8 hours that day because, a supply truck was due in that day and all employees were required to work extra hours.

23.    Because of being required to work extra hours on March 4th, the Plaintiff asked for permission to get some food, so that she would not be taking her required medications on an empty stomach. Plaintiff's Supervisor refused to allow her to get food to take her medication.

24. After the Plaintiff's blood pressure elevated to hypoglycemic levels with an associated severe headache the Plaintiff got some food, took her medication and received a written reprimand from her Supervisor for doing so.

25. On the same day, two other cashiers, who do not have disabilities were not required to work 7 to 8 hours because the stock truck was scheduled to arrive.

26. Subsequently, Plaintiff's Supervisor denied her two days off due to illness, even though the Plaintiff presented a Doctor's excuse.

27. On May 4, 2004, the Plaintiff filed a complaint of discrimination based on disability and an affidavit of factual events was served against Dollar General Corporation.

28. On May 4, 2004, a copy of the Plaintiff's affidavit and complaint of discrimination was provided to Dollar General Corporation to the Human Resource Office by facsimile.

29. On May 7, 2004, Mr. Sutherland, the Dollar General Corporation District Manager called the Plaintiff at home and advised her that her employment with Dollar General Corporation had been terminated.

30. Mr. Sutherland told the Plaintiff that her employment was being terminated effective May 7, 2004, because the home office had received the facsimile of her complaint of discrimination and because she could not meet the Defendants' work specifications.

31. The Defendants wrongfully terminated the Plaintiff's employment in retaliation against her for filing a complaint of disability discrimination against them.

32. The Defendants intentionally discriminated against Plaintiff Dickey in that the Plaintiffs' filing of a complaint of disability discrimination was a motivating factor in the Defendant's decision to place her on sick leave and ultimately terminate her employment.

33.     Defendant's conduct, which was in violation of the Florida Civil Rights Act, directly and proximately caused violations of Plaintiff Dickey's rights as protected under the Florida Civil Rights Act.

34. The conduct set forth in the preceding paragraphs directly and proximately caused Plaintiffs to suffer damages, including, but not limited to, economic losses, lost wages, lost benefits, and other lost remuneration, non-economic damages, emotional pain and suffering, humiliation, anxiety, embarrassment, distress, the physical manifestations thereof, and loss of capacity for the enjoyment of life, and other damages attendant with the loss of his job. These damages have occurred in the past, are occurring at present, and will continue in the future. Plaintiffs are entitled to compensatory damages and any other damages and relief permitted by law. include, but were not limited to disability discrimination, retaliation against Plaintiff Dickey, and the termination of Plaintiff Dickey's employment.

**WHEREFORE,** Plaintiffs pray that this Court enters judgment against the Defendants and relief in the form of economic, damages and losses wages, lost benefits, lost remuneration, non-economic damages and losses, as to be determined by jury; attorney fees, costs and expert

witness fees, as provided by law; interest on all awards, as provided by law; and any other

damages provided by law; and for such further relief as this Court finds equitable and just.

    Plaintiffs demand a jury trial.

Tawana Michelle Dickey, Plaintiff Pro Se
Tawana Dickey 560055-A2109L
Lowell Correctional Institution
11120 N.W. Gainesville Road
Ocala, Florida 34482

IN THE CIRCUIT COURT OF
THE SECOND JUDICIAL
CIRCUIT, IN AND FOR LEON
COUNTY, FLORIDA.

TAWANA MICHELLE DICKEY                    Case No.: 2006 CA 001657
   Plaintiff,
v.
Dollar General Corporation
and Dolgencorp, Inc., a wholly owned
subsidiary of Dollar General Corporation,
   Defendant.
_____/

## NOTICE OF APPEARANCE

    COMES NOW the undersigned attorney, and files this her Notice of Appearance

in the above styled cause on behalf of the Plaintiff, TWANNA MICHELLE DICKEY.

All pleadings and papers in this matter should be served on the undersigned.

    DATED this 25th day of October, 2006.

                    Carolyn D. Cummings
                    Florida Bar No.: 0353442
                    Carolyn Davis Cummings, P.A.
                    462 W. Brevard Street
                    Tallahassee, Florida 32301
                    850-224-3730
                    850-224-2202 Facsimile

FILE

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA.

TAWANA MICHELLE DICKEY                          Case No.: 2006 CA 001657
   Plaintiff,
v.
Dollar General Corporation
and Dolgencorp, Inc., a wholly owned
subsidiary of Dollar General Corporation,
   Defendant.
_____/

## SUMMONS

THE STATE OF FLORIDA          :
To Each Sheriff of the State:

     YOU ARE COMMANDED to serve this Summon and a copy of the COMPLAINT and
Notice of Appearance in this lawsuit on:

Corporation Service Company, as
Registered Agent for Dolgencorp, Inc.
1201 Hays Street
Tallahassee, Florida 32301

### IMPORTANT

     A lawsuit has been filed against you.  You have 20 calendar days after this summons is
served on you to file a written response to the attached complaint with the clerk of this court.  A
phone call will not protect you.  Your written response, including the case number given above
and the names of the parties, must be filed if you want the court to hear your side of the case.  If
you do not file your response on time, you may lose the case, and your wages, money, and
property may thereafter be taken without further warning from the court.  There are other legal
requirements.  You may want to call an attorney right away.  If you do not know an attorney, you
may call an attorney referral service or a legal aid office (listed in the phone book).

     If you choose to file a written response yourself, at the same time you file your written
response to the court you must also mail or take a copy of your written response to the
"Plaintiff/Plaintiff's Attorney" named below.

     **WARNING: Rule 12.285, Florida Family Law Rules of Procedure, requires certain
automatic disclosure of documents and information.  Failure to comply can result in
sanctions, including dismissal or striking of pleadings.**

### IMPOTANTE

usted ha sido demandado legalmente.  Tiene 20 dias, contados a partir del recibo de esta
notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. · Una



llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requistitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

    Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (demandante O Abogado del Demandante).

### IMPORTANT

    Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant votre reponse ecrite, avec mention du numero de dossiere ci-dessus et du nom  des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a bureau d'assistance juridique (figurant a l'annuaire de telephones).

    Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme cidessous.

CAROLYN D. CUMMINGS
Florida Bar No.: 0353442
CAROLYN DAVIS CUMMINGS, P.A.
462 West Brevard Street
Tallahassee, Florida 32301
(850) 224-3730 (850) 224-2202 Facsimile

Attorney For The Petitioner

    DATED on this _25_ day of _Oct_, 2006.

BOB INZER
As Clerk of the Court
By: _____
As Deputy Clerk

**Renae Hawkins**





| | |
|---|---|
| **From:** | sop@cscinfo.com |
| **Sent:** | Monday, November 20, 2006 6:41 PM |
| **To:** | Renae Hawkins |
| **Subject:** | Notice of Service of Process |

# Corporation Service Company ®

*CSC SameDay SOP and CSC PowerBrief clients, click here to receive and view your Service of Process documents now. For more information on instant access to your SOP, click Sign Me Up.*

**NOTICE OF SERVICE OF PROCESS**

Transmittal Number: 4888836
Date: 11/20/2006

Pursuant to client instructions, we are forwarding this summary and notice of Service of Process. The Service of Process document has been sent to the primary contact listed below.

| | |
|---|---|
| **Entity:** | Dolgencorp, Inc. |
| **Entity I.D. Number:** | 2172521 |
| **Entity Served:** | Dolgencorp, Inc |
| **Title of Action:** | Tawana Michelle Dickey vs. Dollar General Corporation |
| **Document(s) type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court:** | Leon County Circuit Court, Florida |
| **Case Number:** | 2006 CA 001657 |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 11/20/2006 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |

**Sender Information:**
Tawana Michelle Dickey
Not Given

**Primary Contact:**
Renae  Hawkins
Dollar General Corporation

**Copy of transmittal only sent to:**

11/21/2006

Julie Filson

---

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the document (s) and taking appropriate action.

---

Please visit www.incspot.com for more information on CSC's Litigation and Matter Management services, including service of process (SOP) history, online acknowledgement of SOP, fully electronic scanned SOP and SOP package tracking information.

**CSC is SAS70 Type II certified for its Litigation Management System.**

2711 Centerville Road   Wilmington, DE 19808
(888) 690-2882   |   sop@cscinfo.com

11/21/2006