IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TAWANA DICKEY,

    Plaintiff,

vs.                                          Case No. 4:06-CV-566-SPM

DOLLAR GENERAL CORPORATION
and DOLGENCORP, INC., a wholly
owned subsidiary of DOLLAR
GENERAL CORPORATION,

    Defendants,

_____/

**ORDER**

THIS CAUSE comes before the Court upon the Magistrate Judge's Report and Recommendation (doc. 89). The parties were furnished a copy and afforded an opportunity to file objections. Plaintiff requested an opportunity to file her objections out of time (doc. 93). This request was granted (doc. 94). However, Plaintiff did not file her objections by the deadline imposed by the Magistrate Judge. On September 30, 2008, this Court issued an order adopting and incorporating the Magistrate Judge's Report and Recommendation (doc. 95). Plaintiff then filed objections on October 6, 2008 (doc. 97). Though filed after the deadline, this Court will consider them as if they were timely filed. Pursuant to Title 28, United States Code, Section 636(b)(1), I maintain my prior finding that

the Report and Recommendation is accurate and should be adopted.

No matters are raised in Plaintiff's objections which would warrant additional consideration at this stage.  The Magistrate Judge carefully considered the ample factual history available to him in making his decision.  Plaintiff has not shown the Magistrate Judge's report to be incorrect in any way.  Plaintiff's objections to the report are simply a reiteration of the sum and substance of the issues raised and facts argued during in her initial motions.  The Report and Recommendation appropriately responded to all of Plaintiff's complaints.   There is no error in the Magistrate Judge's very thorough findings.  This Court maintains it's earlier ruling that the Defendants motion for summary judgment be granted.

Additionally, Plaintiff has filed a motion to proceed in forma pauperis on appeal (doc. 104).   The standard for appealing in forma pauperis requires that the appeal be taken in good faith.  28 U.S.C. § 1915(a)(3).  "'Good faith' has been defined as a requirement that an appeal present a nonfrivolous question for review." Cruz v. Hauck, 404 U.S. 59, 62 (1971).  "An issue is frivolous when it appears that 'the legal theories are indisputably meritless.'" Ghee v. Retailers Nat'l Bank, 271 Fed. Appx. 858, 860 (11th Cir. 2008) (citing Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993))  "In other words, an IFP action is frivolous, and thus not brought in good faith, if it is 'without arguable merit either in law or fact.'" Ghee, 271 Fed. Appx. at 859 (citing Bilal v. Driver, 251 F.3d 1346, 1349 (11th

Cir. 2001)).  However, "where a 'claim is arguable, but ultimately will be unsuccessful,' it should be allowed to proceed.  <u>Ghee</u>, 271 Fed. Appx. at 859 (citing <u>Cofield v. Alabama Pub. Serv. Comm'n.</u>, 936 F.2d 512, 515 (11th Cir. 1991)).  Good faith in this context is measured objectively.  <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

This Court certifies that Defendant's appeal is taken in objective good faith.  Her arguments, though tenuous and unpersuasive in this Court, are not frivolous.  Although the appeal appears to lack merit, it does not appear that the appeal is frivolous or otherwise taken without good faith.  In accordance, therefore, with Title 28, United States Code, Section 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3)(A), Plaintiff's motion to proceed in forma pauperis will be granted.

Accordingly, it is ORDERED AND ADJUDGED as follows:

1. Plaintiff's objections to the Report and Recommendation are hereby ***overruled***.

2. Judgment shall be entered on behalf of the Defendants.

3. Plaintiff's application to proceed in forma pauperis on appeal (doc. 104) is ***granted*** to the extent that she will not have to prepay the filing fee.

4. Because Plaintiff attests that the has no funds in any bank account, including her inmate bank account, and has had no income in the

3

      past 12 months, the clerk of court shall permit Plaintiff to proceed without prepayment of an initial partial filing fee, as provided in 28 U.S.C. § 1915(b)(1)(A).

5. Plaintiff is advised that the granting of leave to proceed in forma pauperis is merely authorization to proceed without prepayment of the full filing fee.  This does not relieve Plaintiff of the obligation to pay the full amount of the fee, regardless of dismissal or subsequent release from incarceration.  As a prisoner, Plaintiff is required to make payments to the court until the total amount of the $455.00[1], fee for filing an appeal is paid.  28 U.S.C. § 1915(b)(1).

6. Plaintiff is required to make monthly payment of 20 percent of the preceding month's income credited to his inmate account. The agency having custody of Plaintiff shall forward payments from his account to the clerk of court each time the amount in the account exceeds $10 until the full amount of the filing fee ($255.00) is paid. These monthly payments shall be made  regardless of dismissal or subsequent release from incarceration.

7. When Plaintiff is able to make payments to the court, Plaintiff is advised that checks from a penal institution, a cashier's check, or a

---

[1] This amount consists of the $450 fee for docketing the case on appeal (see Note following 28 U.S.C. § 1913, Judicial Conference Schedule of Fees, ¶ (1)) and an additional $5 fee under 28 U.S.C. § 1917.

money order should be made payable to "Clerk, U.S. District Court." Personal checks will not be accepted. The following information shall be either included on the face of the check from the penal institution, cashier's check, or money order or attached thereto:

(1)  the full name of the prisoner

(2)  the prisoner's inmate number, and

(3)  this case number (4:06-CV-566-SPM).

Checks or money orders that do not have this information will be returned to the penal institution or to Plaintiff.

DONE AND ORDERED this <u>eighteenth</u> day of December, 2008.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge